IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JASMINE SHANAY YOUNG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:22-cv-00332-WMR |
| | ) | |
| NATIONAL SOCIETY OF BLACK | ) | |
| CERTIFIED PUBLIC ACCOUNTANTS | ) | |
| AN ILLINOIS NOT-FOR-PROFIT | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
OF NATIONAL SOCIETY OF BLACK CERTIFIED PUBLIC
ACCOUNTANTS AN ILLINOIS NOT-FOR-PROFIT CORPORATION**

COMES NOW, Defendant National Society of Black Certified Public Accountants, Inc. ("NSBCPA"), by and through its undersigned counsel of record, and files its Answer and Affirmative Defenses to the Complaint for Trademark Infringement and Unfair Competition (the "Complaint") filed by Plaintiff Jasmine Shanay Young ("Plaintiff" or "Young"), showing this Honorable Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy, or the non-occurrence of, conditions precedent to bring its claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the claims have been waived.

### FIFTH AFFIRMATIVE DEFENSE

NSBCPA may, in addition, have other defenses available of which it is not currently aware. Accordingly, NSBCPA expressly reserves the right to amend this answer and to assert additional defenses in the event discovery and/or further investigation reveal them.

## RESPONSES TO NUMBERED ALLEGATIONS

NSBCPA responds to the enumerated paragraphs of the Complaint as follows:

## **INTRODUCTION**

1. NSBCPA objects to paragraph number 1 of Plaintiff's Complaint as failing to contain a specific allegation of fact consistent with a short and plain statement of its claim. NSBCPA denies any allegations of fact embedded in paragraph 1 of Plaintiff's Complaint.

2. NSBCPA objects to paragraph number 2 of Plaintiff's Complaint as failing to contain a specific allegation of fact consistent with a short and plain statement of its claim. NSBCPA denies any allegations of fact embedded in paragraph 2 of Plaintiff's Complaint.

3. NSBCPA objects to paragraph number 3 of Plaintiff's Complaint as failing to contain a specific allegation of fact consistent with a short and plain statement of its claim. NSBCPA denies any allegations of fact embedded in paragraph 3 of Plaintiff's Complaint.

4. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 4 of Plaintiff's Complaint.

5. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 5 of Plaintiff's Complaint.

6. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 6 of Plaintiff's Complaint except that NSBCPA denies the allegations in Paragraph 6 to the effect that NSBCPA "planned to launch a social media campaign around the phrase #MyCPAis Black…."

7. NSBCPA admits that certain written (via electronic means) communications took place between Plaintiff and a member of NSBCPA's Board of Directors as shown in Exhibit D to Plaintiff's Complaint.  NSBCPA further shows that such documented communications speak for themselves as to the content thereof and NSBCPA denies any other or further allegations contained in paragraph 7 of Plaintiff's Complaint.

8. NSBCPA admits that certain written (via electronic means) communications took place between Plaintiff and a member of NSBCPA's Board of Directors as shown in Exhibit E to Plaintiff's Complaint.  NSBCPA further shows that such documented communications speak for themselves as to the content thereof and NSBCPA denies any other or further allegations contained in paragraph 8 of Plaintiff's Complaint.

9. NSBCPA admits that certain written (via electronic means) communications took place between Plaintiff and a member of NSBCPA's Board of Directors as shown in Exhibit E to Plaintiff's Complaint. NSBCPA further shows that such documented communications speak for themselves as to the content thereof and NSBCPA denies any other or further allegations contained in paragraph 9 of Plaintiff's Complaint.

10. NSBCPA admits that it offered t-shirts bearing the slogan, "My CPA is Black," in return for charitable contributions of at least $35.00 to NSBCPA, and that NSBCPA received such contributions and commensurately delivered such t-shirts to contributors beginning in February 2021and continuing through no later than November 2021. NSBCPA denies any other or further allegations contained in paragraph 10 of Plaintiff's Complaint.

11. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 11 of Plaintiff's Complaint.

12. NSBCPA admits that correspondence identified as Exhibits G through J was sent and received as addressed and generally on or around September 27, 2021. NSBCPA further shows that such documented communications speak for themselves as to the content thereof and NSBCPA denies any other or further allegations contained in paragraph 12 of Plaintiff's Complaint.

13. NSBCPA denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

14. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 14 of Plaintiff's Complaint except that NSBCPA denies that NSBCPA infringed a trademark or engaged in unfair competition in violation of Section 43(a) of the Lanham Act (15 USC 1125(a).

15. NSBCPA admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 16 of Plaintiff's Complaint.

17. NSBCPA consents to the jurisdiction of this Court over NSBCPA. NSBCPA otherwise denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. NSBCPA consents to the jurisdiction of this Court over NSBCPA. NSBCPA otherwise denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. NSBCPA consents to the jurisdiction of this Court over NSBCPA. NSBCPA otherwise denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. NSBCPA consents to the jurisdiction of this Court over NSBCPA. NSBCPA otherwise denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

## PARTIES

21. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 21 of Plaintiff's Complaint

22. NSBCPA shows that its legal name is National Society of Black Certified Accounts, Inc., but otherwise admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. 1114)

23. NSBCPS restates and incorporates by reference its responses to the allegations of paragraphs 1 through 22 inclusive, as though fully set forth.

24. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 24 of Plaintiff's Complaint, but NSBCPA denies that it

committed federal trademark infringement under Section 32(1) of the Lanham Act 15 U.S.C. 1114(1).

25. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 25 of Plaintiff's Complaint.

26. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 26 of Plaintiff's Complaint.

27. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 27 of Plaintiff's Complaint.

28. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 28 of Plaintiff's Complaint.

29. NSBCPA denies the allegations of paragraph 29 of Plaintiff's Complaint.

30. NSBCPA denies the allegations of paragraph 30 of Plaintiff's Complaint.

31. NSBCPA admits that it offered t-shirts bearing the slogan, "My CPA is Black," in return for charitable contributions of at least $35.00 to NSBCPA, and that NSBCPA received such contributions and commensurately delivered such t-shirts to contributors beginning in February 2021and continuing through no later than

November 2021.  NSBCPA denies any other or further allegations contained in paragraph 31 of Plaintiff's Complaint.

32. NSBCPA admits that it has never filed an application for trademark registration in the United States Patent and Trademark Office for or in relation to the phrase "My CPA is Black."  NSBCPA denies that it has ever used or claimed the phrase "My CPA is Black" as a trademark.

33. NSBCPA admits that it offered t-shirts bearing the decorative element, "My CPA is Black," in return for charitable contributions of at least $35.00 to NSBCPA, and that NSBCPA received such contributions and commensurately delivered such t-shirts to contributors beginning in February 2021 and continuing through no later than November 2021.  NSBCPA denies any other or further allegations contained in paragraph 33 of Plaintiff's Complaint.

34. NSBCPA admits that it offered t-shirts bearing the decorative element, "My CPA is Black," generally as shown in paragraph 34 of Plaintiff's Complaint, in return for charitable contributions of at least $35.00 to NSBCPA, and that NSBCPA received such contributions and commensurately delivered such t-shirts to contributors beginning in February 2021 and continuing through no later than November 2021.  NSBCPA denies any other or further allegations contained in paragraph 34 of Plaintiff's Complaint.

35. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 35 of Plaintiff's Complaint.

36. NSBCPA denies the allegations in Paragraph 36 of the Complaint.

37. NSBCPA denies the allegations in Paragraph 37 of the Complaint.

38. NSBCPA denies the allegations in Paragraph 38 of the Complaint.

39. NSBCPA denies the allegations in Paragraph 39 of the Complaint.

40. NSBCPA denies the allegations in Paragraph 40 of the Complaint.

41. NSBCPA admits that correspondence, copies of which are identified as Exhibits G through J, was sent and received as addressed and generally on or around September 27, 2021. NSBCPA further shows that such documented communications speak for themselves as to the content thereof and NSBCPA denies any other or further allegations contained in paragraph 41 of Plaintiff's Complaint.

42. NSBCPA denies the allegations in Paragraph 42 of the Complaint.

43. NSBCPA denies the allegations in Paragraph 43 of the Complaint.

44. NSBCPA denies the allegations in Paragraph 44 of the Complaint.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. 1125(a))

45. NSBCPA realleges and incorporates by reference its responses to Paragraphs 1 through 44 inclusive, as though fully set forth.

46. NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 46 of Plaintiff's Complaint, but NSBCPA denies that it engaged in federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

47. NSBCPA denies the allegations in Paragraph 47 of the Complaint.

48. NSBCPA denies the allegations in Paragraph 48 of the Complaint.

49. NSBCPA denies the allegations in Paragraph 49 of the Complaint.

50. NSBCPA denies the allegations in Paragraph 50 of the Complaint.

## COUNT III

## GEORGIA UNIFORM DCECEPTIVE TRADE PRACTICES ACT

51. NSBCPA realleges and incorporates by reference its responses to Paragraphs 1 through 50 inclusive, as though fully set forth.

52.     NSBCPA lacks sufficient knowledge to either admit or deny the allegations of paragraph 52 of Plaintiff's Complaint, but NSBCPA denies that it has violated the Georgia Uniform Deceptive Trade3 Practices Act, O.C.G.A. 10-1-372.

53.     NSBCPA denies the allegations in Paragraph 53 of the Complaint.

54.     NSBCPA denies the allegations in Paragraph 54 of the Complaint.

**WHEREFORE**, NSBCPA. requests the following relief:

A.      That the Complaint against NSBCPA be dismissed with prejudice;

B.      That the Court deny all relief sought by Plaintiff in the Complaint;

C.      That costs for this action be assessed against Plaintiff; and

D.      For such other and further relief as the Court deems just and appropriate.

This 28TH day of March, 2022.

>                           */s/ Jefferson B. Slagle*
>                           Jefferson B. Slagle
>                           Email: tocsla@bellsouth.net
>                           Georgia Bar No. 651450
>                           **Attorney for Defendant**

**Jefferson B. Slagle, Attorney at Law**
140 Pinecrest Ave
Decatur, Georgia 30030
Telephone:  (678) 592-6729

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed this Certificate of Service for the following documents:

**(1)** **Answer and Affirmative Defenses of National Society of Black Certified Public Accountants An Illinois Not-For-Profit Corporation**

with the Clerk of Court using the CM/ECF system, which automatically sends e-mail notification of such filing to the attorneys of record for all parties.

This 28th day of March, 2022.

*/s/ Jefferson B. Slagle*
Jefferson B. Slagle
Email: tocsla@bellsouth.net
Georgia Bar No. 651450
**Attorney for Defendant**

**Jefferson B. Slagle, Attorney at Law**
140 Pinecrest Ave
Decatur, Georgia 30030
Telephone: (678) 592-6729